| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY E. COATS, | No. 2:18-cv-2298-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 22. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. <u>Background</u>

Plaintiff alleges in his application that he had been disabled since July 27, 2011. Administrative Record ("AR") at 167-75. His application was denied initially and upon reconsideration. *Id.* at 110-13, 116-20. A hearing was subsequently held before administrative law judge ("ALJ") Mary M. French. *Id.* at 38-64.

/////

1

On February 24, 2017, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 21-33. The ALJ made the following specific findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2016.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 27, 2011 through his date last insured of December 31, 2016 (20 CFR 404.1571 *et seq*.).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. Through the date last insured, the claimant had the following severe impairments: shoulder arthralgia, HIV positive, thoracic bone lesion, hip arthralgia, cervical spine disc disease, bursitis, sleep apnea, anxiety, bipolar disorder, PTSD, anxiety state NOS (20 CFR 404.1520(c)).

\* \* \*

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He was able to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. He could sit for 6 hours of an 8-hour workday. He could stand and walk for 6 hours of an 8-hour workday. He could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. He could never climb ladders, ropes, and scaffolds. He needed to avoid concentrated exposure to extreme cold, extreme heat, vibration, fumes odors [sic], dusts, gases, poor ventilation, and hazards (unprotected heights, moving machinery, etc.). Mentally he was able to understand, remember, and carry out simple tasks and instructions. He needed to be in a workplace with few changes.

\* \* \*

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born [in] 1975 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

\* \* \*

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the dated [sic] last insured, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could have perform (20 CFR 404.1569 and 404.1569(a)).

* * *

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 27, 2011, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(g)).

*Id.* at 23-32.

Plaintiff's request for Appeals Council review was denied on April 6, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 7-12.

II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. Analysis

Plaintiff argues that the ALJ committed four errors. First, he argues the ALJ erred in rejecting opinions from treating and examining physicians without providing legally sufficient reasons. Second, he contends that the ALJ failed to properly evaluate a disability rating issued by

the Department of Veterans Affairs ("VA"). Third, he argues the ALJ failed to provide clear and convincing reasons for rejecting his subjective complaints. Fourth, he argues that the ALJ erred by rejecting lay witness testimony without sufficient explanation. As explained below, the court finds plaintiff's second argument persuasive and remands the case for further proceedings on that basis. The court declines to address plaintiff's remaining arguments.

Generally, an ALJ is required to consider a VA rating. *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). "While a VA disability decision does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding in reaching his decision, because of the similarities between the VA disability program and the Social Security disability program." *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012). "However, [b]ecause the standards for evaluating disability under the two programs is not identical, . . . the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1075*; see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

In March 2015, the VA issued a decision finding that plaintiff's overall disability rating was 90 percent as of January 26, 2015 due to his HIV and bipolar disorder. AR 267-78. As noted, that decision and, importantly the basis for it, is relevant to the evaluation of plaintiff's condition and ability to work as they relate to his claim for Social Security disability and to discount it requires "persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1075.

In her decision, the ALJ provided the following discussion regarding the VA's disability determination:

> The undersigned accords little evidentiary weight to the V.A. disability ratings. The Social Security Administration uses a completely different system than the V.A. to evaluate disability. The V.A. rating is designed to assess the amount of compensation to give a veteran for service connected ailments. The V.A. is guided by a principle that views disability compensation as owed to veterans for injuries that were incurred or aggravated by their service. But social security benefits are granted solely on medical grounds and other noneconomic factors are not considered. Eligibility requirements are more stringent for social security disability. Furthermore, because the ultimate responsibility for determining whether an individual is

5

> disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. Although this decision finds that the claimant has severe impairments that cause some limitations in his ability to perform activities, the regulations at 20 C.F.R. 404. 1504 provide that disability decisions by another agency are based on that agency's rules and are not binding on SSA.

AR 29.

While that discussion states a conclusion in the first sentence and simply recites the principle that the two programs apply different standards, it does not identify what medical or other evidence in the record substantiates discounting the decision made by the VA. Stated differently, and more succinctly, the ALJ accorded little weight to the VA disability determination because the VA utilizes different rules and standards than the SSA. This is not a "persuasive, specific, valid" reason that is "*supported by the record.*" *McCartey*, 298 F.3d at 1075 (emphasis added). As the U.S. Court of Appeals for the Ninth Circuit has explained in the context of rejecting a treating physician's opinion, the burden of providing valid reasons includes a properly explained decision that is supported by the record. Typically, this includes "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (1988). Here, the context is rejecting a VA disability determination, not rejecting the opinion of a treating doctor. But the ALJ nonetheless was required to provide "persuasive, specific, valid" reasons for giving less weight to the VA's determination, *McCartey*, 298 F.3d at 1075, and this standard requires at least some explanation in the context of the medical record.

Accordingly, the ALJ's conclusory dismissal of the VA's determination did not constitute a persuasive, specific, valid reason for giving it less weight. The matter is therefore remanded for further consideration. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

## IV. Conclusion

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross-motion for summary judgment is denied;
3. The matter is remanded for further proceedings consistent with this order; and
4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 20, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE